UNITED STATES of America, Plaintiff–Appellee,

v.

$874,938.00 U.S. CURRENCY, Defendant,

**Argemiro Restrepo, Claimant–Appellant.**

No. 92–56332.

United States Court of Appeals, Ninth Circuit.

Submitted April 27, 1993 *.

Memorandum filed May 11, 1993.

Order and Opinion filed Aug. 3, 1993.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Thomas J. Borris, Munoz, Borris & Associates, Anaheim, CA, for claimant-appellant.

Jeffrey M. Rawitz, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: BROWNING, KOZINSKI and RYMER, Circuit Judges.

## ORDER

The memorandum disposition filed May 11, 1993, is redesignated as a per curiam opinion.

## OPINION

PER CURIAM:

Claimant Argemiro Restrepo appeals the district court's denial of his motion for summary judgment in this civil forfeiture proceeding brought by the United States pursuant to 21 U.S.C. § 881 and 18 U.S.C. § 981. The government seized $874,938.00 in United States currency from Restrepo's residence and initiated civil forfeiture proceedings alleging that the currency was furnished or intended to be furnished in exchange for a controlled substance. Restrepo claims that the district court erred by denying his motion for summary judgment because the government's delay in filing the forfeiture action violated his due process rights. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

---

1. Restrepo entered into a consent judgment stating that the currency would be forfeited, but allowing him to appeal the denial of his motion for summary judgment prior to dispersal of the currency to the United States.

■ We review de novo the district court's denial of summary judgment. *Alaska Airlines, Inc. v. United Airlines, Inc.*, 948 F.2d 536, 539 (9th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1603, 118 L.Ed.2d 316 (1992). Summary judgment is appropriate if the moving party presents evidence that shows that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Once the moving party has met this initial burden, the non-moving party has the subsequent burden of presenting significant probative evidence tending to support its claim that material, triable issues of fact remain. *Id.* at 249–50, 106 S.Ct. at 2510–11. We review de novo a district court's determination of whether a delay in the initiation of civil forfeiture proceedings is unconstitutional. *United States v. $47,980 in Canadian Currency*, 804 F.2d 1085, 1088 (9th Cir.1986), *cert. denied,* 481 U.S. 1072, 107 S.Ct. 2469, 95 L.Ed.2d 878 (1987).

■ Restrepo claims that the government's eleven month delay in filing a judicial forfeiture action violated his constitutional right to due process. In order to determine whether a delay in filing a civil forfeiture proceeding has resulted in a due process violation, a court should consider four factors: 1) the length of the delay; 2) the reason for the delay; 3) the claimant's assertion of his rights; and 4) prejudice to the claimant by the delay. *United States v. $8,850 U.S. Currency*, 461 U.S. 555, 564, 103 S.Ct. 2005, 2012, 76 L.Ed.2d 143 (1983). "[N]one of these factors is a necessary or sufficient condition for finding unreasonable delay. Rather, these elements are guides in balancing the interests of the claimant and the government to assess whether the basic due process requirement of fairness has been satisfied in a particular case." *Id.* at 565, 103 S.Ct. at 2012.

■ Here, it is undisputed that there was a delay of eleven months between the seizure of the defendant currency and the filing of the civil forfeiture proceedings in the district court. While the deprivation of a substantial amount of money for a significant period of time may impose hardship, a delay of eleven months is not per se unreasonable. *See $47,980 in Canadian Currency*, 804 F.2d at 1088–89 (14–month delay); *see also United States v. 295 Ivory Carvings*, 726 F.2d 529, 531 (9th Cir.1984) (19–month delay).

■ The second factor to be considered is the reason for the delay. Justifiable reasons for delays in filing civil forfeiture proceedings include the investigation of facts to determine if seized property is subject to forfeiture, the disposition of petitions for remission/mitigation, and pending criminal proceedings. *See $8,850 U.S. Currency*, 461 U.S. at 565–66, 103 S.Ct. at 2012–13; *see also $47,980 in Canadian Currency*, 804 F.2d at 1089.

■ Here, Restrepo presented affidavits of his attorney concerning the chronology of events from the seizure of the currency to the filing of the verified claim and bond which initiated the forfeiture process in support of his motion for summary judgment. The government submitted evidence to contradict Restrepo's summary judgment motion which showed that the administrative processing of the case took eight months before it was referred to the United States Attorney's office. The processing and filing of the forfeiture complaint took an additional three months. The declaration of Carla Anderson Johnson, the Assistant Regional Counsel of the Customs Service indicates that the government diligently pursued the resolution of the claimant's case.

While there was no petition for remission/mitigation filed in this case and no criminal charges were pending, the government was still required to complete the administrative process of providing notice to the claimant, referring the case to the appropriate agencies, and evaluating the relevant investigatory reports and records. There is no indication that the government did not pursue its investigation or evaluation with diligence. *See $8,850 U.S. Currency*, 461 U.S. at 568, 103 S.Ct. at 2014. Moreover, both the government and Restrepo benefit from a rule that allows the government some time to investigate the situation in order to determine whether the facts entitle the govern-

**1326**

ment to forfeiture. *See id.* at 565, 103 S.Ct. at 2012.

■ The third factor to be considered is whether or not the claimant adequately asserted his right to an early judicial proceeding. If a claimant does not take affirmative action to assert his right to an early judicial proceeding, it can be taken as an indication that he does not desire one. *Id.* at 569, 103 S.Ct. at 2014. A claimant may speed up the forfeiture process by filing an equitable action seeking an order compelling the filing of a forfeiture action or the return of seized property. *Id.* He may also simply request that the Customs Service refer the matter to the United States Attorney. *Id.* Prior to the commencement of a civil forfeiture proceeding, if a claimant believes that seizure was improper, he may file a motion under Fed.R.Crim.P. 41(e) for the return of the seized property. *Id.; see also United States v. Elias,* 921 F.2d 870, 872–73 (9th Cir.1990) (equitable remedies not available if an adequate remedy at law exists in the form of a civil forfeiture proceeding).

On February 4, 1991, Restrepo received a receipt stating that an unknown amount of currency was seized from his residence on that date. On March 12, 1991, Restrepo's counsel received a receipt that stated that the currency seized had been counted and that $874,808.00 had been given to the United States Customs Service on February 5, 1991. On May 8, 1991, Restrepo received a third notice that the currency had been seized. This notice also informed Restrepo of the procedures for initiating a petition for remission, the process of an administrative forfeiture, and the process for a judicial forfeiture. The notice also specified the time guidelines for responding to the notice.

■ Prior to the third and final notice that the property had been seized, neither Restrepo nor his counsel made any effort to contact the government regarding the seizure or return of the property. On May 31, 1991 Restrepo filed a verified claim and bond with the United States Customs Service and thereby initiated the civil forfeiture process. Restrepo's failure to take affirmative steps to expedite the forfeiture proceeding until May of 1991 after he had been notified three

separate times of the seizure can be taken to indicate that he did not desire an early judicial proceeding. *See $8,850 U.S. Currency,* 461 U.S. at 569, 103 S.Ct. at 2014.

Finally, a court must consider whether the delay, if any, prejudiced the claimant's ability to defend against the seizure. *Id.* Here, Restrepo does not contend that he has been prejudiced by the loss of critical witnesses or evidence, or that his ability to defend this action was in any way impaired by the eleven month delay. *See id.; cf. United States v. $12,248 U.S. Currency,* 957 F.2d 1513 (9th Cir.1991) (thirteen month delay was prejudicial where claimant lost a critical witness and had compelling verifiable evidence of a legitimate source for the seized currency).

Under these circumstances, we find that the eleven month delay was reasonable, and the district court did not err by denying Restrepo's motion for summary judgment. *See Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511.

AFFIRMED.