**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Randall T. QUEMADO, Defendant–Appellant.**

**No. 93–10093.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 1994.

Decided June 3, 1994.

---

Deana S. Spencer, Asst. Federal Public Defender, Honolulu, HI, for defendant-appellant.

No appearance for plaintiff-appellee.

Before: FARRIS, BEEZER, and RYMER, Circuit Judges.

Opinion by Judge FARRIS.

FARRIS, Circuit Judge:

Randall T. Quemado appeals his conditional guilty plea conviction for driving while his license was revoked in violation of Hawaii Revised Statutes § 291–4.5. The district court rejected Quemado's arguments that it lacked federal jurisdiction under the Assimilative Crimes Act, 18 U.S.C. § 13 (1988), and that H.R.S. § 291–4.5 is unconstitutional. We have jurisdiction of the timely appeal under 28 U.S.C. § 1291. We affirm.

**I**

On February 4, 1992, Quemado appeared before a United States Magistrate Judge for arraignment and plea on a charge of violating Hawaii Revised Statute § 286–132, driving while license suspended or revoked. A federal court had jurisdiction over the case because Quemado was apprehended in a federal enclave.

The government's subsequent investigation revealed that on November 11, 1991, Quemado's license was administratively revoked for driving while intoxicated pursuant to H.R.S. Chapter 286, part XIV, entitled Administrative Revocation of Driver's License. On March 31, 1992, the government amended the Information to instead charge Quemado with violating H.R.S. § 291–4.5, driving after license suspended or revoked for driving under the influence of intoxicating liquor.

On April 21, 1992, Quemado orally moved to dismiss the amended charge on the grounds that H.R.S. § 291–4.5 was unconstitutional on its face and as applied. The Magistrate Judge denied the motion after hearing arguments from both parties. With the consent of the government, Quemado then entered a conditional plea of guilty to the amended charge, reserving the right to appeal the constitutionality of the statute.

The Magistrate Judge accepted the conditional plea and imposed the statutorily mandated penalty. Execution of the sentence was stayed pending appeal.

Quemado timely appealed to a United States District Judge from the judgment and sentence imposed by the Magistrate Judge. On January 26, 1993, the District Judge issued an order affirming the Magistrate Judge. A timely Notice of Appeal was filed on January 29, 1993. On February 4, 1993, the district court granted a stay of mittimus pending resolution of the appeal.

## II

■ Quemado argues that the district court erred in concluding that it had jurisdiction to enforce the penal provisions of H.R.S. § 291–4.5 under the Assimilative Crimes Act. We review de novo. *United States v. Peralta*, 941 F.2d 1003, 1010 (9th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1484, 117 L.Ed.2d 626 (1992).

Quemado's basic argument is that because 1) H.R.S § 291–4.5 punishes persons who have already violated H.R.S. Chapter 286, part XIV; and 2) H.R.S. Chapter 286, part XIV provides for administrative revocation of the licenses of drivers who have been arrested for drunk driving and therefore is not a criminal statute enforceable under the Assimilative Crimes Act; then 3) neither can H.R.S. § 291–4.5 be enforced under the Assimilative Crimes Act.

> The ACA provides in relevant part that:
> Whosoever within or upon any [federally reserved land] is guilty of any act ... which, although not made punishable by any enactment of congress, would be punishable if committed ... within the jurisdiction of the State ... in which such place is situated, by the laws thereof in force at the time of such act ..., shall be guilty of a like offense and subject to like punishment.

18 U.S.C. § 13(a) (1988).

The ACA "incorporates into federal law only the *criminal* laws of the jurisdiction within which the [federal] enclave exists." *United States v. Best*, 573 F.2d 1095, 1098 (9th Cir.1978) (emphasis in original). Thus, H.R.S. Chapter 286, part XIV, which only provides for the administrative revocation of a driver's license, is not assimilated under the ACA. However, the fact that H.R.S. § 291–4.5 is directed at drivers who have already had their license revoked pursuant to H.R.S. Chapter 286, part XIV does not mean that it too, by extension, is not assimilated under the ACA.

> H.R.S. § 291–4.5 provides in relevant part:
>
> (a) No person whose driver's license has been revoked, suspended, or otherwise restricted pursuant to part XIV of chapter 286 or section 291–4 shall operate a motor vehicle either upon the highways of this State while the person's license remains suspended or revoked or in violation of the restrictions placed on the person's license....
>
> (b) Any person convicted of violating this section shall be sentenced as follows:
>
> (1) For a first offense, or any offense not preceded within a five-year period by a conviction under this section:
>
> (A) A term of imprisonment at least three consecutive days but not more than thirty days;
>
> (B) A fine not less than $250 but not more than $1,000; and
>
> (C) License suspension or revocation for an additional year; ....

H.R.S. § 291–4.5 (1991).

The statute imposes a mandatory term of imprisonment and is therefore defined as criminal under H.R.S. § 701–107(1) (Supp. 1989) ("[a]n offense defined by this Code or by any other statute of this State for which a sentence of imprisonment is authorized constitutes a crime."). Moreover, no definition of criminal or penal could exclude a law providing for a mandatory term of imprisonment. H.R.S. § 291–4.5 punishes a class of persons who had their license revoked for drunk driving pursuant to a civil proceeding. However, it is not, therefore, also a civil proceeding. The district court had jurisdiction to enforce H.R.S. § 291–4.5 under the ACA.

## III

■ Quemado next argues that the mandatory prison sentence imposed under H.R.S. § 291–4.5 for driving a motor vehicle with a revoked license violates the Sixth Amendment right to counsel. The district court disagreed. We review de novo. *United States v. Martinez,* 967 F.2d 1343, 1348 (9th Cir.1992).

■ The Sixth Amendment right to appointment of counsel is limited to those cases in which imprisonment was actually imposed. *Scott v. Illinois,* 440 U.S. 367, 373, 99 S.Ct. 1158, 1162, 59 L.Ed.2d 383 (1979). Thus, there was no right to the appointment of counsel at Quemado's driver's license revocation hearing, where there was no possibility of imprisonment.

However, H.R.S. § 291–4.5 is a separate offense from drunk driving. It involves driving with a suspended or revoked license. The statute singles out persons who have had their license revoked for driving while intoxicated for more severe punishment; however, it is not an extension of the drunk driving offense. The statute is not constitutionally deficient.

*United States v. Foster,* 904 F.2d 20 (9th Cir.1990), is inapposite. In *Foster,* we held that a defendant who had violated parole and had not been represented by counsel in the adjudication of the underlying offense could not be imprisoned following revocation of probation. However, in *Foster,* only one offense was involved. Here, Quemado has committed two separate offenses: 1) driving while intoxicated; and 2) driving without a license that was revoked for previously driving while intoxicated. Although the second offense builds on the first in as much as only persons who have committed the first offense are eligible to commit the second offense, the two remain distinct. H.R.S. § 291–4.5 is not unconstitutional.

**AFFIRMED**