**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**$292,888.04 IN U.S. CURRENCY,
Defendant.**

**Calvin L. Robinson, Claimant–Appellant.**

**No. 93–16751.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 17, 1995 *.

Decided April 24, 1995.

As Amended May 24, 1995.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Calvin L. Robinson, in pro per, Leavenworth, KS, claimant-appellant.

Jonathan R. Howden, Asst. U.S. Atty., San Francisco, CA, for plaintiff-appellee.

Before: GOODWIN, CANBY, and T.G. NELSON, Circuit Judges.

T.G. NELSON, Circuit Judge:

Calvin Robinson, claimant of $292,888.04 in seized United States currency, appeals *pro se* the district court's summary judgment in favor of the United States in the United States' action for civil forfeiture of the funds under 31 U.S.C. § 5317. Robinson also appeals the district court's denial of his motion for recusal and motion for appointment of counsel. We have jurisdiction of this timely appeal under 28 U.S.C. § 1291, and we affirm.

## I. FACTS AND PRIOR PROCEEDINGS

In May 1988, Robinson was arrested while attempting to smuggle 56 tons of marijuana and hashish into San Francisco. In June 1988, federal agents seized $292,888.04 in currency pursuant to judicially authorized seizure warrants. In December 1988, during the pendency of Robinson's criminal cases before Judge Vukasin, the United States Customs Service commenced administrative forfeiture proceedings against the currency. On February 22, 1989, Robinson was found guilty of the criminal charges and was eventually sentenced to life imprisonment and assessed a fine of $4,000,000.

On October 2, 1990, the United States filed a complaint for civil forfeiture of the currency. The case was reassigned to Judge Vukasin pursuant to Local Rule 205–2 as a "related" case. Robinson filed a claim for the defendant funds on January 31, 1991. Robinson's subsequent motion for the recusal of Judge Vukasin was denied, as was his motion to dismiss the complaint. His motion for appointment of counsel was also denied.

On July 28, 1993, the district court denied Robinson's motion for summary judgment, and granted the United States' cross-motion for summary judgment. Robinson timely appeals.

## II. STANDARD OF REVIEW

■ We review the denial of a recusal motion for abuse of discretion. *Sewer Alert Comm. v. Pierce County*, 791 F.2d 796, 798 (9th Cir.1986). The district court's determination of whether a delay in the initiation of forfeiture proceedings is unconstitutional is reviewed *de novo*. *United States v. $874,-938.00 U.S. Currency*, 999 F.2d 1323, 1325 (9th Cir.1993). A grant of summary judgment is reviewed *de novo*. *Jesinger v. Nevada Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir.1994). Our review is governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56(c). *Id.* Whether a defendant's double jeopardy rights have been violated is a question of law reviewed *de novo*. *United States v. Horodner*, 993 F.2d 191, 193 (9th Cir.1993). Whether Robinson has a Sixth Amendment right to counsel in this civil forfeiture proceeding is reviewed *de novo*. *See United States v. Quemado*, 26 F.3d 920, 923 (9th Cir.1994). The district court's denial of Robinson's motion for appointment of counsel under 28 U.S.C. § 1915(d) is reviewed for abuse of discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986).

## III. DISCUSSION

### A. Denial of the Motion for Recusal

■ Robinson contends that Judge Vukasin erred by denying his recusal motion, which alleged a "demonstrated pattern of bias, prejudice and prejudicial misconduct" in the two related criminal cases which had been heard before the judge. This contention lacks merit. Title 28 U.S.C. § 144 provides for the recusal of the judge upon the filing by a party of a "sufficient affidavit that the judge ... has a personal bias or prejudice either against him or in favor of any adverse party." Robinson's motion for recusal was inadequate. As the district court pointed out, "mere conclusory allegations, such as claimant's, are insufficient to support a claim of bias or prejudice such that recusal is required." *See United States v. Sibla*, 624 F.2d 864, 868 (9th Cir.1980).

■ Under 28 U.S.C. § 455(a) and (b)(1), a district judge is required to disqualify himself if his impartiality might reasonably be questioned or if he has a personal bias or prejudice against a party. Recusal is required "only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *Pau v. Yosemite Park &*

*Curry Co.,* 928 F.2d 880, 885 (9th Cir.1991) (internal quotation omitted). Robinson argues that because Judge Vukasin presided over his criminal cases, he is somehow a material witness and disqualification is required. However, the fact that Judge Vukasin presided over the criminal trials does not disqualify him from the civil forfeiture case under § 455. *See Barnes v. United States,* 241 F.2d 252, 254 (9th Cir.1956). The district court did not abuse its discretion in denying the motion for recusal.

## B. Due Process Claims

Robinson contends that his right to due process was violated because the Government failed to: (1) establish probable cause for the seizure; (2) provide him with timely notice of the seizure; and (3) timely commence forfeiture proceedings. The challenge to the magistrate's finding of probable cause to issue the seizure warrants for the defendant funds is raised for the first time on appeal and will therefore not be considered. *See United States v. Flores–Payon,* 942 F.2d 556, 558 (9th Cir.1991).

The issue of timeliness of the notice of seizure is also raised for the first time on appeal. Robinson apparently complained generally of a lack of timely notice in several of his pleadings, but never framed it as an issue in the case and neither the Government nor the district court addressed the question. On appeal, however, Robinson admits that he received notice of the forfeiture. So even liberally construing Robinson's pleadings in the district court as having raised this issue, we reject his notice argument as a ground for relief.

■■■ Robinson moved to dismiss the complaint on the basis of unreasonable delay in the filing of the forfeiture complaint. The district court correctly found that the thirty-month delay between seizure of the funds and initiation of forfeiture proceedings, although lengthy, was not unreasonable and did not offend due process. The court evaluated the delay under the four-part analysis for timeliness: (1) the length of the delay; (2) the Government's reason for the delay; (3) the claimant's assertion of the right to a hearing; and (4) whether the delay preju-

diced the claimant's interest. *United States v. Eight Thousand Eight Hundred and Fifty Dollars ($8,850) in U.S. Currency,* 461 U.S. 555, 565–69, 103 S.Ct. 2005, 2012–14, 76 L.Ed.2d 143 (1983).

■■■ The district court agreed that the length of the delay was not unreasonable given the "unique and complex history of both the forfeiture action and the underlying criminal activity." The court observed that Robinson failed to request commencement of judicial forfeiture proceedings for almost one and a half years after the seizure of the currency. A party's failure to timely exercise his rights to a judicial forfeiture proceeding is a significant factor in determining whether any delay in commencing those proceedings was violative of due process. *$874,-938.00 U.S. Currency,* 999 F.2d at 1326. Finally, the district court found the delay did not prejudice Robinson's ability to defend against the impropriety of the forfeiture on the merits. The court also noted that defendant funds were subject to an IRS notice of deficiency in any event, further mitigating any prejudice to Robinson. Under the circumstances, the district court properly held that the delay in commencing the civil forfeiture proceedings in this case was not unreasonable.

## C. The Grant of Summary Judgment

■■■ Robinson contends that the district court erred in granting the Government summary judgment. The Government's evidence demonstrated that three bearer checks, each worth over $10,000 and bearing a Luxembourg fiduciary's personalized confirmation signature, were issued outside the United States and then deposited in Robinson's domestic bank account. The declaration of a United States Customs agent demonstrated that no Currency Report was filed on the three bearer checks. The district court therefore correctly concluded that the Government, "through overwhelming circumstantial evidence, has met its initial burden of showing probable cause."

The district court also concluded that Robinson failed to sufficiently controvert the Government's showing of probable cause be-

cause his "assertion that the bearer checks were issued in Sacramento is a conclusory allegation unsupported by any documents or other evidence that would create a triable issue of fact." The district court did not err in concluding that Robinson failed to meet his summary judgment burden and properly granted summary judgment in favor of the Government. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

### D. Double Jeopardy Claim

■■■ Robinson contends that this civil forfeiture action, instituted after his criminal conviction, violates the Double Jeopardy Clause of the Fifth Amendment. In *United States v. $405,089.23 U.S. Currency,* 33 F.3d 1210 (9th Cir.1994), decided after the briefs were filed in this case, this court held that the Government's civil forfeiture proceeding under 18 U.S.C. § 981(a)(1)(A) (the money laundering forfeiture statute), and 21 U.S.C. § 881(a)(6) (the narcotics proceeds forfeiture statute), was barred by the Double Jeopardy Clause because it was a separate proceeding from the claimants' criminal trials and constituted "punishment." *Id.* at 1218–19, 1222. In this case the civil forfeiture complaint alleged that the funds were forfeitable under the same two statutes, as well as 31 U.S.C. § 5317(c) [1] (the currency reporting forfeiture statute for funds traceable to the illegal transportation of monetary instruments into the United States). The Government's motion for summary judgment and the district court's order forfeiting the money relied solely on the allegations concerning illegal transportation/failure to report under 31 U.S.C. § 5317(c).

"[A] civil forfeiture action which is brought and tried separately from a criminal prosecution and *is based upon the same offense* constitutes a separate 'proceeding.' " *Id.* at 1218 (emphasis added). Because Robinson's prior criminal conviction was for conspiracy to import marijuana and hashish and related drug offenses,[2] not currency transaction violations, double jeopardy is not implicated in this case. *Cf. United States v. One 1978 Piper Cherokee Aircraft,* 37 F.3d 489, 495 (9th Cir.1994) (case remanded for district court to determine whether the 21 U.S.C. § 881(a)(4) civil forfeiture proceeding sought to punish claimant for the same offense for which he was criminally prosecuted). Here, 31 U.S.C. § 5317(c) provides for forfeiture of the money not because it constitutes drug-related proceeds, but because a section 5316 currency report was not filed for bearer notes exceeding $10,000 and transported to the United States.

Robinson cites *Quinones–Ruiz v. United States,* 864 F.Supp. 983 (S.D.Cal.1994), in support of his double jeopardy claim. In that case, the district court initially determined that the § 5317 forfeiture proceeding violated the Double Jeopardy Clause because it constituted a separate proceeding from the criminal conviction and was "punishment." *Id.* at 986, 991. However, the district court merely focused on the "separateness" of the proceedings, not on whether or not the

---

**1.** Title 31 U.S.C. § 5317(c) provides in relevant part:

    (c) If a report required under section 5316 with respect to any monetary instrument is not filed (or, if filed, contains a material omission or misstatement of fact), the instrument and any interest in property, including a deposit in a financial institution, traceable to such instrument may be seized and forfeited to the United States Government.

Title 31 U.S.C. § 5316(a) provides that:

    (a) Except as provided in subsection (c) of this section, a person or an agent or bailee of the person shall file a report under subsection (b) of this section when the person, agent, or bailee knowingly—

      (1) transports, is about to transport, or has transported, monetary instruments of more than $10,000 at one time—

      (A) from a place in the United States to or through a place outside the United States; or

      (B) to a place in the United States from or through a place outside the United States; or

    (2) receives monetary instruments of more than $10,000 at one time transported into the United States from or through a place outside the United States.

**2.** *See United States v. Robinson,* 913 F.2d 712 (9th Cir.1990), *cert. denied,* 498 U.S. 1104, 111 S.Ct. 1006, 112 L.Ed.2d 1089 (1991); *United States v. Robinson,* 12 F.3d 1110 (9th Cir.1993) (appeal after remand), *cert. denied,* —— U.S. ——, 114 S.Ct. 1102, 127 L.Ed.2d 414 (1994).

§ 5317 proceeding was predicated on the offense of conviction, 18 U.S.C. § 1001 (False Statement). *See id.* at 986. The district court reversed itself on this point on reconsideration. *Quinones–Ruiz v. United States,* 873 F.Supp. 359, 362 (S.D.Cal.1995) ("Because the forfeiture was based on the failure to report count, which is a different offense, the forfeiture was not barred by double jeopardy."). *Quinones–Ruiz* undermines, rather than advances, Robinson's claim.

### E. Denial of the Motion for Appointment of Counsel

Robinson contends that the district court erred in refusing to grant him counsel because he is indigent and the forfeiture case is a "quasi-criminal case where a liberty interest is involved." He argues that he was entitled to counsel pursuant to Local Rule 335 and 28 U.S.C. § 1915. We disagree.

■■■ Robinson's claim is based on an alleged Sixth Amendment violation.[3] "The protections provided by the Sixth Amendment are explicitly confined to 'criminal prosecutions.'" *Austin v. United States,* — U.S. —, —, 113 S.Ct. 2801, 2804, 125 L.Ed.2d 488 (1993). In *Austin,* the Supreme Court also observed that "even those protections associated with criminal cases may apply to a civil forfeiture proceeding if it is so punitive that the proceeding must reasonably be considered criminal." *Id.* at — n. 4, 113 S.Ct. at 2805 n. 4. As the Seventh Circuit has noted, however, "the Supreme Court has so far been unwilling to deem forfeiture proceedings 'criminal' for the purpose of counsel—a point footnote 4 to *Austin* makes." *United States v. 7108 West Grand Ave., Chicago, Ill.,* 15 F.3d 632, 635 (7th Cir.), *cert. denied,* — U.S. —, 114 S.Ct. 2691, 129 L.Ed.2d 822 (1994).

The Supreme Court has held that the Sixth Amendment requires that "no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense." *Scott v. Illinois,* 440 U.S.

367, 374, 99 S.Ct. 1158, 1162, 59 L.Ed.2d 383 (1979); *id.* at 373, 99 S.Ct. at 1162 (adopting "actual imprisonment" as the line defining the constitutional right to appointment of counsel and holding that uncounseled misdemeanor conviction is constitutionally valid if offender is not incarcerated); *see also Quemado,* 26 F.3d at 923 (no right to the appointment of counsel at defendant's drivers' license revocation hearing where there was no possibility of imprisonment). Assuming without deciding that the forfeiture here was punitive, we hold that no Sixth Amendment right to counsel attached in this case because imprisonment is not authorized by any of the civil forfeiture statutes invoked by the Government in its complaint. *See id.; see also* 18 U.S.C. § 981(a)(1)(A); 21 U.S.C. § 881(a)(6); 31 U.S.C. § 5317(c).

■■■ Robinson also relies on 28 U.S.C. § 1915(d) as authority for the appointment of counsel in this case. Section 1915(d) empowers the district court to appoint counsel in civil actions brought *in forma pauperis.* Appointment of counsel under this section is discretionary, not mandatory. 28 U.S.C. § 1915(d); *Wilborn,* 789 F.2d at 1331.

Under section 1915(d), counsel may be designated only in "exceptional circumstances." *Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991). The district court properly evaluated both the likelihood of Robinson's success on the merits and his ability "to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn,* 789 F.2d at 1331 (internal quotation omitted). Robinson failed to offer any admissible evidence in support of his claim to the money, and was not hampered in articulating his claims by any complexity of the issues involved. He "demonstrated sufficient writing ability and legal knowledge to articulate his claim." *Terrell,* 935 F.2d at 1017. There was no abuse of discretion by the district court in concluding that appointment of counsel under section 1915(d) was not warranted.

## IV. CONCLUSION

The district court properly denied the motion for recusal. The due process arguments

---

**3.** Not only does Robinson claim that he was entitled to counsel because the forfeiture was quasi-criminal and involved a liberty interest, he also claims entitlement to counsel pursuant to

Local Rule 335. Local Rule 335 provides the mechanism for appointing counsel to represent a defendant in a criminal case pursuant to the defendant's Sixth Amendment right to counsel.

made by Robinson with regard to probable cause and timely notice and commencement of the forfeiture proceedings fail. There was no error in the district court's grant of summary judgment to the Government. The forfeiture proceeding under 31 U.S.C. § 5317(c) did not punish Robinson for the same offenses for which he was criminally prosecuted and there is no violation of the Double Jeopardy Clause. No Sixth Amendment right to counsel attached in this case, and the district did not abuse its discretion in refusing to appoint counsel pursuant to 28 U.S.C. § 1915(d).

AFFIRMED.