**UNITED STATES of America, Plaintiff,**

**v.**

**3814 NW THURMAN STREET, PORTLAND, MULTNOMAH COUNTY, STATE OF OREGON, A Tract of Real Property, its Buildings, Improvements, Appurtenances, and Easements, in rem, Defendant.**

Civil No. 95–940–FR.

United States District Court, D. Oregon.

Nov. 4, 1996.

Kristine Olson, United States Attorney, Robert D. Nesler, Assistant United States Attorney, Portland, OR, for Plaintiff.

E.J. Simmons, Portland, OR, for Claimant Gloria Ladum.

## OPINION

FRYE, Judge:

The matter before the court is Claimant Gloria Ladum's Opposition to Proposed Form of Judgment (# 90).

## BACKGROUND

On October 1, 1996, this court concluded:

The government has come forward with evidence sufficient to demonstrate to this court that there is probable cause to believe that the defendant real property located at 3814 N.W. Thurman Street, Portland, Oregon is forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C) because it constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1014 (false statement knowingly made to a financial institution for the purpose of influencing the action of the institution), and 18 U.S.C. §§ 1341 and 1343 (a scheme to defraud or obtain money by false or fraudulent pretenses involving the use of the United States mails and wire communications).

Gloria Ladum attempts to refute the evidence that the defendant real property is forfeitable by arguing that there was no risk to Chemical Mortgage Company because the equity of Gloria Ladum in the

subject property has always been sufficient to cover the amount of the loan from Chemical Mortgage Company. There is evidence in this case of numerous false statements made to Chemical Mortgage Company in connection with the loan application process which might subject the FDIC to the risk of loss. *See Williams v. United States,* 458 U.S. 279, 294 [102 S.Ct. 3088, 3096–97, 73 L.Ed.2d 767] (1982).

Gloria Ladum contends that her interest in the defendant real property should not be subject to forfeiture because she is an innocent owner. Counsel for Gloria Ladum argues:

> Mrs. Ladum had no knowledge of any crime. Furthermore, her actions were consistent with the great majority of people who close purchases and refinancings of homes. Only about 1 out of 100 of such people read the closing documents. Mrs. Ladum reasonably relied on those who were helping her. Her lack of knowledge, and the reasonableness of her reliance on others, is not in serious dispute. A fact finder cannot conclude otherwise given the evidence of how residential refinancings are typically closed.

Memorandum in Support of Claimant's Motion for Summary Judgment, p. 2.

18 U.S.C. § 981(a)(2) provides that "[n]o property shall be forfeited ... to the extent of the interest of an owner ... by reason of any act or omission established by that owner ... to have been committed without the knowledge of that owner...." Once the government has established probable cause, the burden shifts to Gloria Ladum to demonstrate that she lacked knowledge of the illegal transactions.

The government contends that Gloria Ladum cannot qualify as an innocent owner because she is not an innocent owner.

In *United States v. 874 Gartel Drive,* 79 F.3d 918 (9th Cir.1996), the court found that the claimants were not entitled to prevail as innocent owners where they signed a loan application representing that they had a joint monthly income of $8,400 from one of the claimant's catering business, when the catering business generated a monthly income of some $600. The claimants argued that they had failed to read the application and relied on others to prepare the application. The court explained that "[w]e reject the Beltrans' innocent owner defense to this claim because both Isidro and Josefina Beltran obviously knew about, or were willfully blind to, the false statements in the loan applications." *Id.* at 924.

There is evidence in the record before this court that Gloria Ladum knew at the time of closing that the tax returns she was signing were false. Gloria Ladum was aware when she signed the documents that she represented were copies of her 1991 and 1992 tax returns that the tax preparer named in the documents was not the tax preparer she had used to prepare her 1991 and 1992 tax returns. Under these circumstances, Gloria Ladum cannot escape responsibility for the false representations by stating that she did not read the documents and relied on others to prepare them. The court concludes that Gloria Ladum either knew about the false statements made in the loan application process or was willfully blind to them, and she is therefore not entitled to prevail on her defense of innocent owner.

## CONCLUSION

Claimant's motion for summary judgment (# 62) is denied. Plaintiff's motion for summary judgment (# 70) is granted. The plaintiff shall prepare the appropriate judgment, submit it to opposing counsel, and then submit it to the court for consideration and signature.

Opinion, pp. 6–8.

On October 3, 1996, the government submitted a proposed judgment of forfeiture, which states, in part, that "the defendant real property is condemned and forfeited to the United States of America, free and clear of the claims of any and all persons claiming any right, title or interest in or to this defendant, including Gloria Ladum to the extent of $275,902...." Final Judgment of Forfeiture, p. 2.

## CONTENTIONS OF THE PARTIES

Gloria Ladum opposes entry of the proposed final judgment of forfeiture on the grounds that 1) she is entitled to an evidentiary hearing to determine whether the proposed judgment of forfeiture is excessive under the Eighth Amendment to the United States Constitution; 2) the amount sought for the repayment to Colville Contractors is overstated by $75,216.63, and should not be in excess of $200,686.18; 3) the forfeiture is punitive, thereby entitling her to the absolute right to trial by jury under the Sixth Amendment to the United States Constitution; and 4) the court should require that the real property be sold for at least $660,000.00, and that one McHugh of Remax Realty be appointed the real estate sales person to sell the property.

The government contends that 1) an evidentiary hearing is not required because the forfeiture of proceeds of a crime is never constitutionally excessive; 2) Gloria Ladum may not challenge the amount of the forfeiture after an order of summary judgment has been entered; 3) civil forfeiture does not, as a matter of law, implicate the Sixth Amendment right of Gloria Ladum to a jury trial; and 4) the property should be sold by the United States Marshal without this court setting the price or naming a real estate sales person.

## APPLICABLE LAW

In *United States v. Feldman*, 853 F.2d 648, 663 (9th Cir.1988), the court stated: "When the district court orders that the defendant forfeit the profits gained from illegal activity, it is hard to imagine how such a forfeiture could constitute cruel and unusual punishment." In the case before this court, the order of forfeiture is limited to the proceeds traceable to violations of law. No evidentiary hearing is required to determine whether the forfeiture is excessive under the Eighth Amendment to the United States Constitution.

In *United States v. $292,888.04*, 54 F.3d 564, 569 (9th Cir.1995), the court specifically held that the Sixth Amendment right to counsel does not apply to civil forfeitures under 21 U.S.C. § 881(a)(6). There is no support for Gloria Ladum's assertion that a claimant in a civil forfeiture proceeding has an absolute right to a trial by jury under the Sixth Amendment to the United States Constitution.

## RULING OF THE COURT

The record in this case establishes that a total of $200,686.18 of the $322,500.00 residential mortgage loan on the defendant property was, in effect, an investment in the property which operated to reduce the liabilities on the property and to increase the net equity of Gloria Ladum in the property. There is a dispute as to whether the $75,216.63 paid to Colville Contractors by Gloria Ladum related to the defendant property. The government relies upon the deposition testimony of Gloria Ladum that she believed that the payment to Colville Contractors related to the Thurman property. Gloria Ladum relies upon a correction that she has made to her deposition testimony—that is, she has corrected her testimony to state that the payment to Colville Contractors related to the Lakeview property, not the Thurman property. The government contends that Gloria Ladum may not now challenge the amount of $275,902.00 because summary judgment has been granted in this amount.

On October 1, 1996, this court concluded that Gloria Ladum was not entitled, as a matter of law, to prevail on her defense of innocent owner, and ruled that the government was entitled to summary judgment. The court did not establish an amount owing by Gloria Ladum in the order of October 1, 1996, and Gloria Ladum is not precluded by the order of October 1, 1996 from challenging the amount requested by the government in the final judgment of forfeiture. The record is not sufficient for this court to find that the $75,216.63 which was paid to Colville Contractors constitutes or is derived from proceeds traceable to violations of law.

The court declines to order the United States Marshal to obtain a particular price or to use a particular real estate agent in the sale of the property. The United States Marshal is charged with selling the forfeited

property at a fair price in accordance with proper procedures.

The government shall prepare a final judgment of forfeiture in accordance with this opinion.