**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

No. 98-20590

---

UNITED STATES OF AMERICA,

Plaintiff-Counter Defendant-Appellee,

v.

$1,397,809.00, One Million Three Hundred
Ninety Seven Thousand Eight Hundred
Nine Dollars,

Defendant,

DARIO ABREO,

Claimant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas
(97-CV-2058)

---

December 13, 1999

Before JONES, BARKSDALE and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant Dario Abreo contests the district court's summary judgment rejecting his claim to the above sum of currency, which was forfeited after its seizure as proceeds of drug trafficking. Abreo contends that the government's forfeiture

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

action was barred by the five year statute of limitation, 19 U.S.C. § 1621, and that the district court lacked in rem jurisdiction over the currency.  We find no merit in these contentions and affirm.

Pursuant to a search and seizure warrant on June 17, 1992, law enforcement agents arrested Abreo and his co-defendant Velez in a house full of currency as they were apparently stuffing toys with it to conceal further movement of the proceeds.  Abreo pled guilty to money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i).  He expressly admitted in the plea colloquy both the date of the offense and the government's discovery of the offense in progress on June 17, 1992.  The district court forfeiture action was commenced June 13, 1997 (following an earlier procedurally defective action), within five years after the discovery of the offense, as required by section 1621.

Abreo asks rhetorically whether the government did not in fact "discover" the money laundering earlier than June 13, 1992, because the prosecutor alluded at the plea hearing to an adding machine tape dated June 11 that showed "$500,000 coming in."  This is insufficient to thwart summary judgment for two reasons. First, the prosecutor's statement was not evidence of the date the government discovered the offense: that the government possessed an adding machine tape with a certain date does not mean it received the tape on that date or that the tape referenced the particular currency which was ultimately seized.  Second, Abreo admitted the offense was committed on June 17, the day that he was discovered with the very currency that was seized during the commission of the

2

crime to which he pled guilty. He cannot now contradict the factual premise of his plea.

Abreo's second contention, that the district court lacked in rem jurisdiction over the forfeiture, is most readily answered by reference to the statute governing these forfeiture proceedings. 18 U.S.C. § 981(b) and (c) provide that property subject to forfeiture for offenses including money laundering may be seized by the Attorney General, the United States Postal Service or the Secretary of the Treasury. Three methods are authorized for seizure of such property: (1) process issued pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims; (2) seizure pursuant to a lawful arrest or search; or (3) obtaining a seizure warrant. 18 U.S.C. §981(b)(2). Since the currency in this case was seized pursuant to a lawful search and arrest, seizure without process was proper. The currency also remained in the lawful custody of the Treasury Department throughout the forfeiture litigation, and it was subjected to the district court's jurisdiction by the commencement of this case.

While Abreo does not acknowledge this controlling statutory authority, he relies instead on this court's decision in United States v. $38,570 in United States Currency, 950 F.2d 1108, 1113 (5th Cir. 1992), which suggests that the district court could only obtain in rem jurisdiction over the forfeited property pursuant to an arrest under the Supplemental Admiralty Rules. Even assuming that our decision remains controlling notwithstanding the Supreme Court's decision in Republic National Bank of Miami v.

<u>United States</u>, 506 U.S. 80, 87-88 (1992), our decision cannot contradict the express words of the applicable forfeiture statute. Other courts have agreed that the government may confer jurisdiction on the district court in a civil forfeiture proceeding using the three methods provided by section 981. <u>United States v. All Right Title and Interest</u>, 983 F.2d 396, 402 (2d Cir. 1993); <u>United States v. $292,888.04 in United States Currency</u>, 54 F.3d 564, 566 (9th Cir. 1995). The government's filing of a timely forfeiture action conferred jurisdiction on the district court to dispose of the *res*.

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED**.

4