**BELL CONSUMERS INC, Plaintiff,**

v.

**Ross LAY, Defendant,**

**Ross LAY, Third-party-plaintiff,**

v.

**Runar Dean Johnson; et al., Third-party-defendants,**

**Runar Dean Johnson; et al., Third-party-plaintiffs—Appellants,**

v.

**United States; et al., Third-party-defendants—Appellees.**

No. 02–35397.

D.C. No. CV–02–05016–RJB.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 19, 2003.

Before LEAVY, FERNANDEZ, and BERZON, Circuit Judges.

---

* Because the issues on appeal are adequately briefed, the panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2)(C). Accordingly, we deny the Johnsons' motion for judicial notice and clarification as moot.

MEMORANDUM**

Runar Dean Johnson and Lavina Johnson appeal pro se from the district court's judgment dismissing their second amended counter-complaint on sovereign immunity grounds, remanding their state law claims, and denying their motions for leave to file third and fourth amended counter-complaints. The Johnsons also appeal the order denying their motion to recuse the district court judge, and the order denying their motion to reconsider. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for lack of subject matter jurisdiction. *Cement Masons Health & Welfare Trust Fund for No. California v. Stone,* 197 F.3d 1003, 1005 (9th Cir.1999). We review for abuse of discretion denial of leave to amend, *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir.1987), denial of reconsideration, *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 883 (9th Cir.2000), and denial of motions to recuse, *U.S. v. $292,888.04 in U.S. Currency,* 54 F.3d 564, 566 (9th Cir.1995). We affirm.

The district court properly substituted the United States for the individual federal defendants, because they were acting in their official capacities. *See Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir. 1985). The district court properly dismissed the action against the United States on sovereign immunity grounds. *See id.* The district court also properly exercised its discretion to remand the state law claims to state court. *See* 28 U.S.C. § 1367(c).

Because the proposed third and fourth amended counter-complaints fail to allege any basis for a waiver of sovereign immunity, *see Gilbert,* 756 F.2d at 1458, the district court properly denied leave to amend, *see Janas v. McCracken (In re Silicon Graphics Inc. Sec. Litig.),* 183 F.3d 970, 991 (9th Cir.1999). To the extent the proposed counter-complaints allege that Title 26 of the United States Code is unenforceable because it has not been enacted into positive law, the complaints do not state a claim. *See Ryan v. Bilby,* 764 F.2d 1325, 1327–28 (9th Cir.1985) ("Congress's failure to enact [the Internal Revenue Code] into positive law has only evidentiary significance and does not render the underlying enactment invalid or unenforceable").

The district court properly denied the Johnsons' motion for reconsideration because they could have presented their arguments and evidence earlier in the litigation. *See Kona Enters.,* 229 F.3d at 890. Moreover, the Johnsons' arguments lacked merit. *See Gilbert,* 756 F.2d at 1458.

The district court also properly denied the Johnsons' motion to disqualify Judge Bryan, because the Johnsons failed to show that he had personal bias against them or in favor of their opponents. *See Taylor v. Regents of Univ. of California,* 993 F.2d 710, 712 (9th Cir.1993) (per curiam) (noting that to warrant recusal, judicial bias must stem from an extrajudicial source).

The Johnsons' remaining contentions lack merit.

The clerk shall amend the docket to reflect the caption above.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.