**UNITED STATES of America,**
**Plaintiff—Appellee,**

**Solomon Tekle; Lily Tekle,**
**Claimants—Appellants,**

v.

**REAL PROPERTY LOCATED AT 19673 LOS ALIMOS STREET, CHATSWORTH, CA, Defendant.**

No. 04–56858.

D.C. No. CV–98–02074–AHM.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ann Luotto Wolf, Esq., Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Solomon Tekle, Safford, AZ, pro se.

Lily Tekle, Northridge, CA, pro se.

Before O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

## MEMORANDUM **

Solomon and Lily Tekle appeal pro se the district court's summary judgment for the United States in a civil forfeiture action against $98,656.60 in U.S. currency, representing the proceeds of the sale of defendant real property located at 19673 Los Alimos Street, Chatsworth, California. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's denial of a motion to suppress, *United States v. $191,910.00 in U.S. Currency,* 16 F.3d 1051, 1058 n. 14 (9th Cir. 1994), and its grant of summary judgment, *United States v. 3814 NW Thurman St.,* 164 F.3d 1191, 1195 (9th Cir.1999). We affirm.

The district court properly denied Mr. Tekle's suppression motion because he did not establish that the government's execution of an arrest warrant for the subject property violated the standards set forth in *United States v. James Daniel Good Real Prop.,* 510 U.S. 43, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993). Moreover, the government did not base its motion for summary judgment in this forfeiture action on any of the evidence Mr. Tekle sought to suppress.

The district court properly granted summary judgment for the government because Mr. Tekle's criminal conviction necessarily decided the dispositive issues in the forfeiture action. *See United States v. Real Property Located at Section 18,* 976 F.2d 515, 518 (9th Cir.1992); *see also United States v. Tekle,* 329 F.3d 1108 (9th Cir.), *cert. denied,* 540 U.S. 960, 124 S.Ct. 419, 157 L.Ed.2d 299 (2003) (affirming, *inter alia,* Mr. Tekle's conviction on money-laundering counts involving the purchase of the subject property).

The district court did not abuse its discretion in denying Mrs. Tekle's motion to set aside default judgment under Fed. R.Civ.P. 60(b)(6) because she failed to demonstrate "extraordinary circumstances" that prevented her "from taking timely action to prevent or correct an erroneous judgment." *United States v. Alpine Land & Reservoir Co.,* 984 F.2d 1047, 1049 (9th Cir.1993).

The district court did not abuse its discretion in denying Mr. Tekle's motion for appointed counsel because the case did not present exceptional circumstances. *See United States v. $292,888.04 in U.S. Currency,* 54 F.3d 564, 569 (9th Cir.1995) (citing *Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991)).

Appellants' remaining contentions lack merit.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.