**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Donald Louis HYMES, Defendant—**
**Appellant.**

**No. 05–30443.**

**D.C. No. CR–02–00019–RRB/JWM.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2006.*

Decided May 24, 2006.

Jo Ann Farrington, Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

Donald Louis Hymes, Fairbanks, AK, for Defendant–Appellant.

Before B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM**

Donald Louis Hymes appeals from the district court's denial of his motion to recuse the original sentencing judge from his re-sentencing hearing after a remand by this court. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Hymes contends that the district court evidenced bias by threatening to increase his sentence, and by failing to lessen his sentence. We disagree. The district court's comments in its "Order Re Sentence" merely evidence the district court's assessment of the law after *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Moreover, the district court's comments in its "Order Reaffirming Original Sentence" questioning the veracity of Hymes' remorse do not support a bias challenge. *See Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994); *see also United States v. $292,888.04 in U.S. Currency,* 54 F.3d 564, 566 (9th Cir.1995) ("[r]ecusal is required only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of proceedings") (citation and internal quotation omitted).

Therefore, the district court did not abuse its discretion in denying Hymes' motion to recuse. *See United States v. Martin,* 278 F.3d 988, 1005 (9th Cir.2002).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.