**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 26 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEWIS KEITH SIGLAR, | No. 17-17082 |
| Plaintiff-Appellant, | D.C. No. 2:15-CV-01756-JJT |
| v. | |
| HOPKINS, OFFICER, MARICOPA COUNTY SHERIFF'S OFFICE, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Argued and Submitted August 10, 2020
San Francisco, California

Before: CHRISTEN, OWENS, Circuit Judges, and BATAILLON,[**] District Judge.

Lewis Keith Siglar appeals the district court's order denying his pre-trial

requests for appointment of counsel pursuant to 28 U.S.C. § 1915(e) and for a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Joseph F. Bataillon, United States District Judge for Nebraska, sitting by designation.

continuance. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Because the parties are familiar with the facts, we do not recount them here.

A denial of a motion to appoint counsel is reviewed for abuse of discretion, *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), as is the denial of a motion for a continuance, *McElyea v. Babbitt*, 833 F.2d 196, 199 (9th Cir. 1987).

1. Siglar argues that the district court abused its discretion by failing to analyze his request for appointment of counsel according to the factors set forth in *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Appointment of counsel is only appropriate in "exceptional circumstances," which require an analysis of "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Even assuming the district court failed to apply the *Wilborn* standard, we elect to apply it here and conclude that Siglar's case did not present "exceptional circumstances" warranting the appointment of *pro bono* counsel. *Id.*

Defendants do not dispute that Siglar has demonstrated a likelihood of success on the merits, but a litigant must meet a high bar to show that the legal issues involved are sufficiently complex, and that he is therefore impeded in his ability to present his case. Siglar has not demonstrated an inability to present his case *pro se* in light of the complexity of the legal issues involved.

2

Siglar's case involved a straightforward credibility determination regarding his incident with Hopkins. The only potentially complex legal issue appears to be the extent of Siglar's alleged injuries. Though he failed to disclose expert witnesses, the district court permitted his two listed medical professionals to serve as fact witnesses who could have testified to Siglar's injuries. Ultimately, he called neither at trial.

Nor were Siglar's medical impairments sufficient to show that he would have faced significant difficulties in presenting his case at trial. *See Palmer v. Valdez*, 560 F.3d 965, 967, 970 (9th Cir. 2009) (holding that severe pain from a recent surgery did not constitute an exceptional circumstance warranting appointment of counsel).

Siglar certainly faced challenges in preparing for and presenting his case. But Siglar's circumstances were not exceptionally different from the majority of the challenges faced by *pro se* litigants. *See e.g.*, *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) (finding no exceptional circumstances where litigant failed to offer admissible evidence); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990) (concluding that lack of access to legal materials constituted the type of "difficult[y] which any litigant would have in proceeding *pro se*" and was therefore not an "exceptional factor[]"); *Wilborn*, 789 F.2d at 1331 (need to conduct discovery was not "exceptional"

3

because "a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case"). Siglar surely would have been aided by counsel, but if this were the prevailing standard, *pro se* civil litigants would be entitled to counsel in all circumstances, not only exceptional ones. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

2. The district court did not abuse its discretion when it denied Siglar's request for a continuance. Under the factors set forth in *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985), the district court's denial was not "arbitrary or unreasonable." The four factors include: (1) the extent of the movant's diligence in preparing for the hearing or trial; (2) how likely the need for the continuance would have been met if the request had been granted; (3) the extent of inconvenience to the court and the opposing party and its witnesses; and (4) the extent of harm the movant would suffer resulting from the denial of the request. *Id.* at 1359.

A continuance would not have been likely to meet Siglar's medical or trial preparation needs given his chronic medical condition. Additionally, when Siglar requested a continuance on August 28, 2017, the district court had already informed him at the pretrial conference that it was too late for him to disclose expert witnesses or add additional exhibits. A continuance would not have changed this and was therefore unlikely to be useful under the second *Flynt* factor.

4

Further, it would have inconvenienced the defense and its witnesses, and even rescheduling a short trial would have inconvenienced the district court. *See Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).

Finally, Siglar has not demonstrated what prejudice he suffered from the denial of a continuance. A delay would not have allowed him to add additional witnesses or exhibits, and it is not clear it would have allowed him to recover from a chronic condition. Though Siglar may have been able to secure advisory counsel had a continuance been granted, his contemporaneous request that the court appoint counsel for him suggests that he had already failed to secure an attorney-advisor.

**AFFIRMED.**