79 F.3d 1154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re SHOP TELEVISION NETWORK, INC., Debtor.
SHOP TELEVISION NETWORK, INC., Plaintiff-Appellee,
v.
Hillel CHODOS, Defendant-Appellant,
and
Fierstein & Sturman Law Corporation, Defendant.
 No. 94-56225.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 6, 1996.
Decided March 6, 1996.
 
 Before: POOLE, WIGGINS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Hillel Chodos, an attorney, appeals pro se the district court's order affirming the bankruptcy court's turnover order, which directed Chodos to return $283,498.38 in excessive attorney's fees to Shop Television Network, Inc. ("STN"), in an adversary action related to STN's bankruptcy.[1] He contends that the turnover order should be vacated because the dismissal of the bankruptcy action pending the appeal of the turnover order to the district court deprived the bankruptcy court of subject matter jurisdiction. Alternatively, he requests that the turnover order be vacated and this matter be remanded to a different bankruptcy judge because the district court erred in finding that the bankruptcy judge was not biased against him. Chodos further requests that, if the bankruptcy judge is not disqualified for bias, we vacate the turnover order and remand the matter to the same bankruptcy judge to allow Chodos an opportunity to oppose STN's motion for a turnover order on the merits. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.
 
 DISCUSSION
 I. JURISDICTION
 
 3
 We review conclusions of law by the bankruptcy court and district court de novo. In re Frontier Properties, Inc., 979 F.2d 1358, 1362 (9th Cir.1992). The bankruptcy court's decision to retain jurisdiction is reviewed for abuse of discretion and is reversed only if we have " 'a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.' " In re Carraher, 971 F.2d 327, 328 (9th Cir.1992).
 
 
 4
 In its order dismissing the underlying bankruptcy action, the bankruptcy court expressly retained jurisdiction over the fees dispute between STN and Chodos, pursuant to 11 U.S.C. 349.[2] Chodos contends that the retention of jurisdiction is improper because federal jurisdiction ended upon dismissal of the bankruptcy action and the payment of STN's debts. Alternatively, he contends that judicial economy, convenience, fairness, and comity weigh against retaining federal jurisdiction. For the following reasons, we hold that the bankruptcy court did not abuse its discretion in retaining jurisdiction.
 
 
 5
 The Bankruptcy Code, Title 11 of the United States Code, does not automatically divest a bankruptcy court of jurisdiction over related cases upon dismissal of the underlying bankruptcy case. See 11 U.S.C. § 349 (effect of a dismissal of the bankruptcy action). Moreover, section 349 only provides that, unless the court, for cause, orders otherwise, a dismissal of the bankruptcy action vacates any order, judgment, or transfer ordered, under 11 U.S.C. §§ 522(i)(1), 542, 550 or 553. Id. Thus, section 349 neither vacates the turnover order at issue, which is premised on 11 U.S.C. § 329 and Bankruptcy Rule 2017,[3] nor prevents the bankruptcy court from retaining jurisdiction over the parties' fees dispute.
 
 
 6
 In addition, we have specifically held that bankruptcy courts are not automatically divested of jurisdiction over related cases when the underlying bankruptcy case is dismissed. See In re Carraher, 971 F.2d at 328 ("If Congress wished to terminate bankruptcy jurisdiction over related cases when the underlying bankruptcy case is dismissed, it presumably would have said so in section 349 or elsewhere."); cf. In re Franklin, 802 F.2d 324, 326 (9th Cir.1986) (holding that bankruptcy courts retain subject matter jurisdiction to construe prior orders notwithstanding dismissal of the bankruptcy proceeding because such proceedings arise under Title 11); In re Tennessee Valley Ctr. for Minority Economic Dev., Inc., 99 B.R. 845, 847 (W.D.Tenn.1989) (bankruptcy court may retain jurisdiction over fees dispute despite dismissal of bankruptcy case because 11 U.S.C. § 349 and Bankruptcy Rule 2017 impose a duty on the court to review the prepetition fee paid to the attorney). We did not limit the holding in Carraher by the circumstances of the dismissal of the bankruptcy action; therefore, Chodos's contention that the fact the debtor has paid its creditors precludes application of this rule lacks merit.[4]
 
 
 7
 Chodos's reliance on dicta in Celotex Corp. v. Edwards, 115 S.Ct. 1493, 1499 (1995), is also unavailing. Chodos cites language in Celotex regarding the test used to determine whether a civil proceeding is sufficiently related to the bankruptcy case to warrant bankruptcy jurisdiction over the civil action. This test is irrelevant to this appeal. Here, the issue is not whether the bankruptcy court properly exercised jurisdiction in the adversary proceeding at the outset. Instead, the issue is whether, after a proper invocation of jurisdiction, the bankruptcy court may retain jurisdiction following dismissal of the underlying bankruptcy case.
 
 
 8
 Similar to the analysis used to determine if a district court should exercise jurisdiction over pendent state claims upon dismissal of all federal claims, the bankruptcy court shall consider judicial economy, convenience, fairness and comity in determining whether it should exercise jurisdiction over the related case following dismissal of the bankruptcy action. In re Carraher, 971 F.2d at 328. We hold that the bankruptcy court's application of the Carraher factors is not clear error. Judicial economy supports the retention of jurisdiction because the bankruptcy court is familiar with STN's arguments for the reimbursement of the unearned fee, notwithstanding the lack of discovery conducted in this matter. Comity also supports the bankruptcy court's continued jurisdiction. STN's complaint seeks relief under both the Bankruptcy Code and state law. Chodos concedes that, if the bankruptcy court retains jurisdiction, it will need to examine whether STN can maintain its claims under the Bankruptcy Code. The final two factors--convenience and fairness--do not weigh in favor or against retention of jurisdiction. Because Chodos practices in Los Angeles, remaining in the bankruptcy court in the Central District of California will not inconvenience him. Furthermore, Chodos's prior willingness to represent STN in its bankruptcy action may be deemed to constitute his assent to appear before the bankruptcy court.
 
 
 9
 For the foregoing reasons, because the Carraher factors weigh in favor of retaining jurisdiction, the bankruptcy court did not abuse its discretion in retaining jurisdiction over the parties' fees dispute.
 
 II. RECUSAL[5]
 
 10
 We review the bankruptcy court's denial of a recusal motion under 28 U.S.C. § 144 for abuse of discretion. United States v. $292,888.04 U.S. Currency, 54 F.3d 564, 566 (9th Cir.1995).
 
 
 11
 The issue is whether Chodos's affidavit of prejudice was sufficient to cause Bankruptcy Judge Bufford's disqualification under 28 U.S.C. § 144.[6] Legal sufficiency requires that the "facts and reasons for the charge be set out and give fair support to the accusation, and that upon its face the affidavit presents evidence of good faith." Willenbring v. United States, 306 F.2d 944, 946 (9th Cir.1962). The court must accept the facts alleged as true. Id. Mere conclusory allegations, however, are insufficient to require recusal. $292,888.04 U.S. Currency, 54 F.3d at 567; see also United States v. Sykes, 7 F.3d 1331, 1339 (7th Cir.1993) ("[T]he facts must be sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient.").
 
 
 12
 Section 144 requires disqualification in two situations: (1) when the alleged bias stems from an extrajudicial source and is the basis of an opinion on the merits (see United States v. Grinnell Corp., 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966)) and (2) when a favorable or unfavorable predisposition, "even if it springs from the facts adduced or the events occurring at trial, ... is so extreme as to display clear inability to render fair judgment." Liteky v. United States, 114 S.Ct. 1147, 1155, 127 L.Ed.2d 474 (1994). Here, all of Chodos's allegations of prejudice refer to events occurring at prior judicial proceedings. For the following reasons, we conclude that Chodos has not shown any grounds for disqualification of the bankruptcy court judge.
 
 
 13
 Chodos's allegations of bias focus on the hearings conducted by the bankruptcy court on February 10, 1993 and April 6, 1993.[7] First, he contends that the court helped draft the amended adversary complaint, which added new claims and allegations of fraud, at the February and April hearings. His affidavit, however, merely alleges that Judge Bufford asked if STN had recovered the fees from Chodos and expressed his "dismay" that the case had "not moved forward the way it should have been." These comments are merely expressions of impatience with the progress of the case and do not establish partiality. See Liteky, 114 S.Ct. at 1157. In fact, the affidavit reveals that it was the committee of unsecured creditors that sought to have the fraud claims added to the adversary complaint. These allegations do not support finding that the bankruptcy judge himself participated in writing the amended complaint.
 
 
 14
 Second, Chodos alleges that because the bankruptcy court heard negative comments about him at those hearings, which he characterizes as ex parte communication, the court was predisposed to granting STN's renewed motion to amend on May 4, 1993. This conclusory statement is unavailing. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current, or prior proceedings, do not constitute ... bias or partiality ... unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 114 S.Ct. at 1157. Because a judicial ruling alone almost never constitutes a valid basis for a § 144 motion, see id., Chodos needs to allege facts regarding the bankruptcy judge's deep-seated antagonism for him. His affidavit falls short.
 
 
 15
 Third, Chodos's absence at the February 10 and April 6 hearings is irrelevant. Chodos does not allege that the judge was aware that STN's first motion to amend was not properly served at the time of the February hearing. Nor did the bankruptcy court discuss the merits of the fees dispute between STN and Chodos at the April hearing. Fourth, the fact that Judge Bufford initially imposed a penalty provision in the turnover order does not support a finding of prejudice, in light of his ultimate deletion of that provision.
 
 
 16
 Lastly, Chodos contends that the bankruptcy court's decision to strike the affidavit and grant STN's motions as unopposed at the May 4, 1993 hearing, without any advance notice, shows the judge's hostility toward Chodos. This allegation, even if true, does not show partiality. Section 144 does not require the court to inform Chodos of its ruling in advance. Chodos argued at the hearing that such notice is the standard procedure in other courts. Judge Bufford stated that "that's not the practice here, sir." Nowhere in the affidavit does Chodos contend that the court is legally required to provide such notice or has provided such notice for other parties.
 
 
 17
 In sum, the affidavit stated no facts showing bias and Chodos's conclusions of bias were properly disregarded by the bankruptcy judge. Accordingly, Judge Bufford's refusal to disqualify himself was not an abuse of discretion.
 
 
 18
 III. THE BANKRUPTCY COURT'S REFUSAL TO GRANT CHODOS ADDITIONAL TIME TO OPPOSE STN'S MOTIONS ON THE MERITS
 
 
 19
 We review the denial of an extension of time for filing an opposition brief for abuse of discretion. Daily Mirror, Inc. v. New York News, Inc., 533 F.2d 53, 56 (2d Cir.), cert. denied, 429 U.S. 862, 97 S.Ct. 166, 50 L.Ed.2d 140 (1976).
 
 
 20
 Chodos had the opportunity to file an opposition brief, and chose to file a two-page response that did not address the merits of STN's motions because he believed that the filing of his motion and affidavit for recusal prevented Judge Bufford from ruling on STN's motions until he ruled on the recusal motion, which was set for argument over a week after the hearing on STN's motions. Even if Judge Bufford had decided to recuse himself, Chodos was obligated to file a timely opposition to STN's motions, unless the STN motions were continued to a later date by the court or the parties. Thus, Chodos's belief regarding Judge Bufford's alleged bias is irrelevant as to when his opposition was due.
 
 
 21
 Accordingly, the bankruptcy court did not abuse its discretion by denying Chodos additional time to oppose STN's motions on the merits.
 
 IV. SANCTIONS
 
 22
 Because Chodos's arguments are not wholly without merit and there is no showing of bad faith by Chodos, we deny STN's request for attorney's fees and costs, pursuant to Fed.R.App.P. 38 and 28 U.S.C. § 1927. See In re Eisen, 14 F.3d 469, 471 (9th Cir.1994); Wages v. IRS, 915 F.2d 1230, 1235 (9th Cir.1990), cert. denied, 498 U.S. 1096, 111 S.Ct. 986, 112 L.Ed.2d 1071 (1991).
 
 CONCLUSION
 
 23
 For the foregoing reasons, we AFFIRM the district court's orders and DENY Chodos's Request for Judicial Notice and STN's request for attorney's fees and costs.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This appeal encompasses not only the district court's order affirming the turnover order, but also the district court's prior order, upholding the bankruptcy court's retention of jurisdiction upon dismissal of the underlying bankruptcy action and denying Chodos's motion to vacate the turnover order and dismiss the case for lack of jurisdiction. Although Chodos may have brought an interlocutory appeal of the order regarding jurisdiction, he is not precluded from raising the jurisdiction issue now. See In re Frontier Properties, 979 F.2d 1358, 1364 (9th Cir.1993) (failure to appeal an interlocutory order does not bar raising the issue after entry of final judgment)
 
 
 [2]
 The order provides:
 This Court shall retain jurisdiction with respect to disputes which may arise or may have arisen between the Debtor or creditors or other parties in interest with respect to the satisfaction of the respective claims, including, but not limited to, any and all fee applications as well as any pending litigation by the Debtor to recover monies allegedly due Debtor.
 
 
 [3]
 Section 329 authorizes the bankruptcy court to order an attorney, who represented the debtor in the bankruptcy action or in connection with such an action, to return to the estate any compensation that exceeds the value of the services rendered. See 11 U.S.C. § 329 (emphasis added). Rule 2017 provides that the bankruptcy court may review any payment to an attorney by the debtor that was made in contemplation of the filing of the bankruptcy petition. See Fed.R.Bankr.P. 2017
 Although the district court did not consider Chodos's argument that section 329 does not apply to his fees because he did not represent STN in the bankruptcy action, we address this argument because it implicates the court's jurisdiction. See Royal Ins. v. Sea-Land Serv. Inc., 50 F.3d 723, 729 (9th Cir.1995). STN paid Chodos $283,498.38, the subject of the turnover order, on the day before it filed for Chapter 11 bankruptcy. That amount represented the balance of a fee for Chodos's continued representation of STN in a breach of contract action in state court. It is undisputed that STN considered the state action to be an important asset. Accordingly, we find that the fee was paid in connection with the bankruptcy action and therefore falls under section 329.
 
 
 [4]
 Similarly, Chodos's contention that STN's alleged dissolution converts the fees dispute into an action solely for the benefit of STN's shareholders is irrelevant to the question of subject matter jurisdiction. Accordingly, we deny Chodos's Request for Judicial Notice of STN's Proxy Statement, which purports to be proof of STN's dissolution, as irrelevant
 
 
 [5]
 The bankruptcy court never ruled on Chodos's motion for disqualification under 28 U.S.C. § 455. Because the district court's affirmance is based only on the 28 U.S.C. § 144 affidavit of prejudice, the section 455 motion is not at issue on appeal
 
 
 [6]
 Section 144 provides, in pertinent part:
 Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
 28 U.S.C. § 144 (1994).
 
 
 [7]
 The February 10 hearing addressed STN's first motion to amend the complaint, which was not served on Chodos. The April 6 hearing addressed fee applications made by attorneys involved in the bankruptcy action. The court did not hear any argument on the merits of STN's claims against Chodos at these hearings