*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0413p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

In re: 5900 ASSOCIATES, INC.,

*Debtor.*

No. 05-1838

---

FRED J. DERY, Trustee,

*Plaintiff-Appellant,*

*v.*

CUMBERLAND CASUALTY & SURETY CO.,

*Defendant-Appellee.*

---

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 04-74770—Paul D. Borman, District Judge.

Submitted: May 30, 2006

Decided and Filed: November 7, 2006

Before: KEITH and BATCHELDER, Circuit Judges; ALDRICH, District Judge.[*]

---

**COUNSEL**

**ON BRIEF:** Terrance A. Hiller, Jr., KUPELIAN ORMOND & MAGY, Southfield, Michigan, for Appellant. Ryan D. Heilman, Daniel J. Weiner, SCHAFER & WEINER, Bloomfield Hills, Michigan, for Appellee.

---

**OPINION**

---

ALICE M. BATCHELDER, Circuit Judge. Fred J. Dery, the trustee of the bankruptcy estate of 5900 Associates, Inc., seeks to set aside the debtor's transfer of property to Cumberland Casualty & Surety Co. ("Cumberland") as a fraudulent transfer under M.C.L. § 566.35. Dery may prevail under the statute only if the debtor was insolvent at the time of the transfer. The debtor's solvency in this case turns on the enforceability of a claim for attorney's fees from a prior bankruptcy case

---

[*]The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

that was dismissed. The bankruptcy court in the instant case held that the claim for fees from the prior case was unenforceable because the debtor's attorney never sought bankruptcy court approval of those fees under 11 U.S.C. § 330(a). The district court affirmed. We agree that 11 U.S.C. § 330 establishes the exclusive means of allowing a claim for professional fees in a bankruptcy proceeding. We therefore affirm the judgment of the bankruptcy court.

Attorney Todd Halbert began representing the debtor's principal in 1996. He handled matters related to at least three separate entities and three parcels of real property, only one of which was owned by the debtor. Nonetheless, the debtor received all of Halbert's legal bills. In 1997, the debtor filed a voluntary Chapter 11 petition. Although the bankruptcy court authorized Halbert's representation of the debtor, Halbert never submitted a fee application. The bankruptcy was dismissed in June 1997. At that point, Halbert's fees totaled $101,119.81, of which, Halbert testified, the debtor owed him approximately $39,000 for services rendered in the bankruptcy. Halbert said that he later billed the debtor an additional $65,000 as a premium for results he had achieved in state court litigation. The bankruptcy court found, and the record supports the finding, that at a minimum, $55,000 of those fees were for services related to the bankruptcy. After dismissal of its Chapter 11 petition, the debtor executed a promissory note in favor of Halbert for $166,119.81. Some six years later, the instant bankruptcy proceeding was instituted.

The parties agree that if the portion of Halbert's fees allocable to the prior bankruptcy is unenforceable, the trustee has no redress under M.C.L. § 566.35. The trustee argues that the bankruptcy court erred by finding the fees unenforceable. Specifically, he asserts that the fees are enforceable under state law because they were incurred pursuant to a written fee arrangement and later confirmed by a promissory note. Further, the trustee argues that 11 U.S.C. § 330, which permits the bankruptcy court to award reasonable compensation to attorneys, applies only to claims for fees against the bankruptcy estate. The trustee argues that because the first bankruptcy estate ceased to exist when that case was dismissed, Halbert's claim was not against the bankruptcy estate but against the debtor. He asserts that 11 U.S.C. § 330 is therefore inapplicable. Finally, the trustee argues that, upon dismissal of a case, a bankruptcy court is divested of its approval power under 11 U.S.C. § 330 unless it explicitly retains jurisdiction over fees.

We review the bankruptcy court's decision directly, according no deference to the district court. *Brady-Morris v. Schilling (In re Knight Trust)*, 303 F.3d 671, 676 (6th Cir. 2002). The bankruptcy court's findings of fact are reviewed for clear error, and questions of law are reviewed *de novo*. *Stamper v. United States (In re Gardner)*, 360 F.3d 551, 557 (6th Cir. 2004). In this case, both the bankruptcy court and the district court held that the portion of Halbert's claim for fees allocable to the debtor's first bankruptcy was unenforceable.

We agree with the bankruptcy court and the district court that Halbert was required to seek the court's approval of attorney's fees incurred during the prior proceeding. Under 11 U.S.C. § 327, a trustee in bankruptcy or the debtor in a proceeding under Chapter 11, *see* 11 U.S.C. § 1107 (providing that a debtor in possession shall have the rights and perform the functions of a trustee), is permitted to appoint an attorney with the court's approval, and Halbert's appointment was approved by the prior bankruptcy court. The court's order stated, "Todd M. Halbert, Esq. is hereby authorized to act as counsel for the Debtor in this case . . . . Compensation shall be paid after application and Court Order . . . ."

The payment of attorneys who are appointed pursuant to 11 U.S.C. § 327 is governed by 11 U.S.C. § 330, which provides that "[a]fter notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328 and 329, the court may award to a . . . professional person employed under section 327 . . . reasonable compensation for actual, necessary services rendered by [an] . . . attorney." 11 U.S.C. § 330(a)(1). In order to receive payment under § 330, an attorney must comply with Federal Rule of Bankruptcy Procedure 2016, which requires

professional service providers to submit to the court a detailed statement of services rendered and expenses incurred.  Reporting is also required under 11 U.S.C. § 329:

> (a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.
>
> (b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive . . . .

11 U.S.C. § 329.

The trustee claims that 11 U.S.C. § 330, 11 U.S.C. § 329, and Fed. R. Bankr. P. 2016 do not apply to Halbert's fees because, for state law purposes, the debtor's promissory note converted the fees into an enforceable debt.  We are not convinced by this argument.  Fees in a bankruptcy proceeding are governed by federal, not state, law.  Halbert and the debtor cannot, simply by entering into a state law contract, abrogate the bankruptcy court's duty to monitor such fees. *See In re Inslaw, Inc.*, 106 B.R. 331, 333 (Bankr. D.D.C. 1989) ("In a bankruptcy case fees are not a matter for private agreement.  There is an inherent public interest that must be considered in awarding fees.").

Nor are we convinced by the trustee's assertion that 11 U.S.C. § 330 applies only to fees that will be drawn from the bankruptcy estate.  The language of that statute contains no such limitation.  Furthermore, we have held that 11 U.S.C. § 329 permits the bankruptcy court to order disgorgement of fees even when the fees were not paid from the bankruptcy estate. *Henderson v. Kisseberth (In re Kisseberth)*, 273 F. 3d 714, 718-19 (6th Cir. 2001) (court had jurisdiction under § 329 to order disgorgement of fees where attorney retained insurance proceeds not included in the estate). *See also In re Greco*, 246 B.R. 226, 233 (Bankr. E. D. Pa. 2000) (court had jurisdiction under § 329 to review fees paid by an individual who was not the debtor).  The results in *Kisseberth* and *Greco* would not be possible if, as the trustee suggests, the bankruptcy court has no jurisdiction over fees not paid from the bankruptcy estate.

Having dealt with the trustee's first two contentions, we arrive at the crux of the matter: whether the bankruptcy court retains jurisdiction to approve attorney's fees under 11 U.S.C. § 330 after the underlying case is dismissed.  We hold that it does.

A number of courts have held that the bankruptcy court may retain jurisdiction over matters related to the bankruptcy even after the underlying case has been adjudicated or dismissed.  The Third Circuit has held that a bankruptcy court retained jurisdiction, following discharge, to decide whether foreclosure against the debtor's property was an unfair and deceptive trade practice. *Smith v. Commercial Banking Corp. (In re Smith),* 866 F.2d 576, 578 (3d Cir. 1989).  The court wrote, "[a]s a general rule, the dismissal of a bankruptcy case should result in the dismissal of 'related proceedings' because the court's jurisdiction of the latter depends, in the first instance, upon the nexus between the underlying bankruptcy case and the related proceedings." *Id*. at 580.  The court then found that the general rule "is not without exception" where the related proceedings satisfy the test applicable to pendant jurisdiction. *Id. See also Fidelity & Deposit Co. v. Morris (In re Morris)*, 950 F.2d 1531, 1534 (11th Cir. 1992) ("dismissal of an underlying bankruptcy case does not automatically strip a federal court of jurisdiction over an adversary proceeding which was related to the bankruptcy case."); *Shop Television Network, Inc. v. Chodos (In re Shop Television Network,*

*Inc.)*, No. 94-56225, 79 F.3d 1154, 1996 WL 102580 (9th Cir. March 6, 1996) (unpublished decision) (bankruptcy court's explicit retention of jurisdiction over attorney's fees after dismissal of the underlying case affirmed).

We find the case for retained jurisdiction over fees to be clear. Unlike the post-discharge matter described in *Smith*, a bankruptcy court's decision on attorney's fees is not a "related proceeding[]." *Smith*, 866 F.2d at 578. It is part of the original proceeding. The Bankruptcy Code assigns to courts a comprehensive duty to review fees in a particular case, and 11 U.S.C. § 330 is the sole mechanism by which fees may be enforced. Dismissal of a case, or a private agreement between the debtor and its attorney, cannot abrogate the bankruptcy court's statutorily imposed duty of review. *See Jensen v. Gantz (In re Gantz)*, 209 B.R. 999, 1002 (10th Cir. B.A.P. 1997) (attorney entitled only to fees awarded by the bankruptcy court under § 330); *In re Jeanes*, No. 01-00760, 2004 WL 1718093, at *2 (Bankr. N.D. Iowa June 17, 2004) ("Because § 330(a) requires court approval to create the obligation to pay the attorney's fees, absent court approval neither the debtor nor the estate is ever liable. Court approval under § 330(a) is what creates the liability, not the performance of the services.") (citations omitted); *In re Marin*, 256 B.R. 503, 507 (Bankr. D. Colo. 2000) ("*There is no other way for an attorney to be paid*! An attorney who extracts payments from debtors other than pursuant to proper disclosure, or to allowance under section 330, stands in violation of the provisions of the bankruptcy Code, and may properly be stripped of all fees.") (emphasis original). As an attorney appointed under 11 U.S.C. § 327, Halbert was required to seek approval of his fees from the court under 11 U.S.C. § 330. Because he did not do so, his fees are unenforceable, and the bankruptcy court did not err when determining that the debtor was solvent at the time of the transfer to Cumberland. We therefore affirm the decision of the bankruptcy court.