**IN RE: TAJ GRAPHICS ENTERPRISES, LLC, Debtor.**

**Case No. 09–72532**

United States Bankruptcy Court, E.D. Michigan, Southern Division.

Signed May 10, 2016

John D. Hertzberg, Hertzberg, P.L.L.C., Southfield, MI, Attorney for Hertzberg, P.L.L.C.

Jay S. Kalish, Jay S. Kalish & Associates, P.C., Southfield, MI, Attorney for Prime Financial, Inc.

Claretta Evans, Detroit, MI, Attorney for Daniel M. McDermott, United States Trustee.

Thomas R. Morris, Silverman & Morris, P.L.L.C., Farmington Hills, MI, Attorney for Debtor, TAJ Graphic Enterprises, LLC.

**OPINION AND ORDER DENYING, AS UNNECESSARY, THE CORRECTED "SECOND AND FINAL" FEE APPLICATION OF THE DEBTOR'S FORMER ATTORNEY (DOCKET # 927)**

Thomas J. Tucker, United States Bankruptcy Judge

## I. Introduction

This case is before the Court on a fee application filed by the Chapter 11 Debtor's former attorney, John D. Hertzberg, and his firm, Hertzberg, PLLC (the "Debtor's attorney"), entitled "Corrected Second and Final Application of Hertzberg, PLLC for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses for the Period February 1, 2011 through August 31, 2015" (Docket # 927, the "Fee Application"). Objections to the Fee Application were filed by the United States Trustee, the Debtor, and the creditor Prime Financial, Inc.[1] The Debtor's attorney filed a separate reply to each objection.[2]

The Court concludes that a hearing on the Fee Application is not necessary. And for the reasons stated below, the Court will deny the Fee Application, as unnecessary.

## II. Background

This Chapter 11 case has a long and complicated history, but the background

---

1. Docket ## 926, 928, 929, 934.

2. Docket ## 935, 936, 937.

relevant to this Fee Application can be described rather briefly.

The Debtor is an LLC that filed a voluntary Chapter 11 petition on October 21, 2009, commencing this case. The Debtor's attorney represented the Debtor from the beginning of this case until withdrawing, with leave of Court, on August 31, 2015.[3]

Early in the case, the Debtor's attorney obtained an order approving his employment, "as counsel for the Debtor In Possession," under 11 U.S.C. § 327(a).[4] In that capacity, the Debtor's attorney later filed a first interim fee application, which was granted, under 11 U.S.C. § 330(a)(1).[5]

Later, on January 26, 2011, and before any plan was confirmed, the Court ordered the appointment of a Chapter 11 trustee under 11 U.S.C. § 1104(a), with full powers under 11 U.S.C. § 1106.[6] This appointment of a Chapter 11 trustee had the effect of displacing the Debtor as a debtor in possession, see 11 U.S.C. § 1101(1); thereby ending the Debtor's "trustee" powers under 11 U.S.C. § 1107(a).

During the time period after the Chapter 11 trustee was appointed, the Debtor's attorney continued to do work for the Debtor (not for the Chapter 11 trustee), extensively litigating the Debtor's objection to the claim of a large creditor, Prime Financial, Inc.

---

**3.** Docket ## 908, 912, 913.

**4.** See Order Appointing Counsel for Debtor, filed November 12, 2009 (Docket # 33).

**5.** Order, filed March 16, 2011 (Docket # 128); First Fee Application (Docket # 120).

**6.** Docket # 115.

**7.** The Fee Application says that because of the flat fee arrangement, the Debtor's attorney is writing off a substantial amount of fees and expenses—i.e., $154,477.24—based on a straight hourly rate fee calculation. The Debtor's attorney indicates in the Fee Appli-

Later, after withdrawing as Debtor's counsel, the Debtor's attorney filed a second fee application, seeking approval of fees for the time period after the appointment of the Chapter 11 trustee. This is the Fee Application now before the Court.

Additional facts relevant to the Fee Application include the following.

The Debtor's attorney says that he received payments totaling $123,880.10 from a non-debtor party—a company owned by the son of the Chapter 11 Debtor's owner—and says that he agreed with that party and the Debtor that the amount of these payments would be his flat fee for the work he did in the case for the post-trustee-appointment time period.

In substance, the Debtor's attorney seeks approval of this flat fee amount.[7] He makes clear in his fee application that he does not seek payment from any property of the bankruptcy estate.

*The Debtor's attorney argues that the Court's approval of the fee requested is not required under these circumstances, but says that he is filing the fee application out of an abundance of caution.*

In this regard, the Debtor's attorney says the following:

> [Debtor's attorney] has never once received any monies or property from the Debtor.

cation that there is a dispute over whether $80,000 of the payments he received were for work on this case. Because of this dispute, the Fee Application seeks, in substance, alternative relief, in the form of approval of fees and expenses in the much larger amount of $278,357.34. This relief is sought in the event that "the Oakland County Circuit Court" determines that the $80,000 payment "was not for fees in this case." See Fee Application (Docket # 927), proposed order; see also discussion in Part III.B of this opinion, below.

. . .

All fees and expenses referenced in the Fee App arose or were incurred after the appointment of the trustee in this case, and Firm has not been appointed as counsel for the trustee. In addition, Firm has not been paid from any property of the Debtor's estate, nor is it seeking same in the Fee App, or anywhere else.

As a result of the foregoing, Firm had no obligation to file the Fee App in this case any more than a debtor's attorney in a Chapter 7 proceeding would, but did so, solely, out of an abundance of caution. . . . *See, e.g.,* §§ 327, 328, 329 and 330 of the Bankruptcy Code; . . . .

. . .

Again, Firm has not, nor is it now seeking compensation from property of the Debtor's estate (which ignores the fact that there really is not any property at all in the estate).[8]

## III.  Discussion

The objecting parties object to the Fee Application on several grounds. And it appears, from the Debtor's objection and the Debtor's attorney's reply to it, as well as from the motion to withdraw filed earlier by the Debtor's attorney,[9] that the Debtor's owner, Robert Kattula, Mr. Kattula's son Andrew, and related entities, are embroiled in disputes with the Debtor's attorney outside the confines of this bankruptcy case. But the Court concludes that it need not resolve those disputes in ruling on the Fee Application. Rather, the Court concludes that the Fee Application should be denied on the sole ground that it is unnecessary. The Fee Application need not have been filed, and this Court need not and should not rule on the merits of it.

### A.  Bankruptcy Code § 330(a) and Fed. R. Bankr.P.2016

Section 330(a) of the Bankruptcy Code and Bankruptcy Rule 2016 describe who is required to file a fee application and when. Section 330(a) provides, in relevant part:

(a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 327, and 329, **the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103—**

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person;  and

(B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a) (emphasis added).

Rule 2016 provides, in relevant part:

(a) *Application for Compensation or Reimbursement.* **An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate** shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested.

Fed. R. Bankr.P.2016 (emphasis added).

The Fee Application makes clear that the source of any fees paid, or to be paid, is a third party. The application does not seek approval of any fees payable from the

---

8.  Reply to Objection of Debtor to Fee Application, filed December 19, 2015 (Docket # 935) at 4–6 (footnote and case citations omitted).

9.  Docket # 908.

bankruptcy estate. Thus, by its plain language, Rule 2016 does not require a fee application by the Debtor's attorney. *See id.* ("An entity seeking . . . compensation . . . from the estate shall file an application . . . .").

But the fact that Rule 2016 does not require a fee application, without more, would not render the fee application unnecessary if § 330 otherwise applied. *See Dery v. Cumberland Casualty & Surety Co. (In re 5900 Assocs., Inc.)*, 468 F.3d 326, 330 (6th Cir.2006) ("Nor are we convinced by the trustee's assertion that 11 U.S.C. § 330 applies only to fees that will be drawn from the bankruptcy estate. The language of that statute contains no such limitation.").

However, in this case, § 330 clearly does not apply. Under its plain meaning, the statute does not authorize a fee award to an attorney for an out-of-possession Chapter 11 debtor, unless the attorney is employed under § 327. *See Lamie v. United States Trustee*, 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004) ("A debtor's attorney not engaged as provided by § 327 is simply not included within the class of persons eligible for compensation."). An out-of-possession Chapter 11 debtor is not authorized to employ a professional person, such as an attorney, under § 327. That authority is reserved to the estate trustee. *See* 11 U.S.C. §§ 327; 1101(1); 1107(a); *see also Lamie*, 540 U.S. at 532, 124 S.Ct. 1023 (the conversion from Chapter 11 to Chapter 7 and the appointment of a Chapter 7 trustee "terminated [the debtor's] status as debtor-in-possession and so terminated the [attorney's] service under § 327 as an attorney for the debtor-in-possession."); *Harrington v. Nickless (In re Int'l Gospel Party Boosting Jesus Grps., Inc.)*, 487 B.R. 12, 15 (D.Mass.2013) (applying *Lamie* to Chapter 11 case). Section 1103 relates to professionals hired by creditor committees, and thus also does not bring debtor's counsel within the purview of § 330. *See* 11 U.S.C. § 1103(a).

In sum, neither § 330(a) nor Rule 2016 require the filing of the Fee Application at issue by Debtor's attorney in this bankruptcy case. There may be a dispute between Debtor's attorney and the out-of-possession Debtor about precisely what their fee arrangement was, but that dispute need not and cannot be resolved in the context of a bankruptcy court ruling on the Fee Application. Such dispute may be resolved in an appropriate non-bankruptcy court, if necessary.

### B. Bankruptcy Code § 329(b)

Bankruptcy Code § 329(b) bears some discussion, even though none of the parties have explicitly raised it. Section 329(b) grants the bankruptcy court discretion to order the refund of an attorney fee paid to the debtor's attorney, to the extent the court finds the fee to be excessive, *i.e.*, to the extent the court finds the fee paid to have exceeded the reasonable value of the attorney's services. Section 329 states:

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

(b) **If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—**

(1) the estate, if the property transferred—

(A) would have been property of the estate; or

(B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or

(2) the entity that made such payment.

11 U.S.C. § 329 (emphasis added).

No one has explicitly asked the Court for relief under § 329(b). And the Court declines to grant any such relief. The Court is unable to find, on the present record, that the reasonable value of the Debtor's attorney's services for the Debtor in this case, during the relevant period of time (after the Court appointed the Chapter 11 trustee), is less than $123,880.10 (the amount in fees that the Fee Application says was paid to Debtor's attorney, by one or more parties other than the Debtor, for such services.)[10] This is particularly so given the very extensive nature of the work done by the Debtor's attorney for the out-of-possession Debtor during the relevant time period, and given the fact that the Debtor's attorney's time itemization shows that the fee for such work, if it were calculated on a straight hourly-rate basis, would be much higher—$261,229.00, plus expenses in the amount of $17,128.34.[11]

## IV. Conclusion

For the reasons stated above,

IT IS ORDERED that the Fee Application (Docket # 927) is denied, as unnecessary.

---

**10.** Apparently the Debtor, its owner Robert Kattula, and perhaps other non-debtor parties related to Robert Kattula and his family, may contend that $80,000.00 of the $123,880.10 paid to the Debtor's attorney was for something other than his work on this case. But if that is true, then the amount paid (all by non-Debtor parties) to the Debtor's attorney for his work for the Debtor on this case during the relevant time period would be only $43,880.10, not the $123,880.10 that the Debtor's attorney says it is. In that event, the case for any order requiring the Debtor's attorney to refund fees paid to him, under § 329(b), would be even weaker.

**11.** *See* Fee Application (Docket # 927) at 2 and Exs. 4, 6.